UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JON WINIARZ, | ) | CASE NO. CV 10-08965 VBF (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| M. CATES, | ) | |
| Respondent. | ) | |

  The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

  In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (June 14, 2010).

The current petition was filed on November 9, 2010 in the Southern District of California, which District has transferred the action to this District. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On February 13, 2007, in Ventura County Superior Court, Petitioner entered a plea of guilty to a charge of driving under the influence of intoxicants. Petitioner also appears to have admitted having prior convictions. He was sentenced to state prison for 24 months. *See* Pet. ¶¶ 1-7.

(b) Petitioner did not appeal. Pet. ¶ 10. His conviction became final no later than Monday, April 16, 2007, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT. 8.304(b) (former Rule 30), 8.308 (former Rule 30.1(a)).

(c) Three and a half years have passed. Petitioner has not sought collateral relief in state court. *See* Pet. ¶¶ 14-19.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after mid-April of 2008, one year after his conviction became final.

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Holland v. Florida*, *supra*, 130 S. Ct. at 2562-63 (equitable tolling of AEDPA statute requires petitioner to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this

action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:   November 23, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE